Rafael Román Quijano, Petitioner, *v.* José González Lebrón, Warden of the District Jail of Arecibo, Respondent.

No. 423. Argued December 17, 1943.—Decided December 17, 1943.*

*F. Hernández Vargas* for petitioner. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

Mr. Justice Snyder delivered the opinion of the court.

This is a petition filed originally in this court for a writ of habeas corpus. We issued the preliminary writ because a similar petition had been denied by the district court and the appeal therefrom would be academic by the time it was heard in ordinary course by this court.

The petitioner was convicted in the district court for the crimes of carrying a prohibited weapon and disturbing the peace. He was sentenced to sixty days in jail for each offense, but the lower court provided that these terms were to be served concurrently.

The petitioner was originally convicted in these cases in the municipal court. While his appeals therefrom were pending in the district court, he was in jail for thirty-five days because of his inability to raise bond. Under such circumstances it is conceded that, under §1 of the Act of March 14, 1907, (Code of Criminal Procedure, 1935 ed., p. 234), he was entitled to credit for the thirty-five days already spent in jail.

---

* Note.—On December 17, 1943, the Court granted the petition in this case and reserved the filing of its opinion, which was done on February 10, 1944.

The warden, however, took the position that he was entitled to such credit on only one of the sentences. This position is untenable. Section 2 of Act No. 108, Laws of P. R., 1943, provides that "the judge may determine, on pronouncing sentence, whether the prison term imposed therein is to be served consecutively, or if, on the contrary, said prison term shall be served concurrently with any other prison term of (*sic*) terms". The district court, pursuant to this Section, specifically provided that the two sixty-day sentences herein should be served concurrently. The net effect of such a provision is that the accused shall actually serve only sixty days in jail. But if the warden, as here, is permitted to deduct the thirty-five days already spent in jail from only one of the sentences, he will be compelling the petitioner to serve sixty plus thirty-five days. This would obviously be contrary to the sentence of the lower court and the statutes involved.

At the time we conducted the hearing the petitioner, if given credit for the thirty-five days spent in jail pending appeal from the municipal to the district court, had already served sixty days. We therefore granted the petition for a writ of habeas corpus and discharged the petitioner from custody.